UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BASILLIO ALVARDO,

    Petitioner,

v.                                            CASE NO: 8:13-CV-323-T-30TGW
                                                    Crim. Case No: 8:10-CR-348-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. #1), and the Government's Response (Dkt. #3). Having reviewed the pleadings, the record, and the relevant case law, the Court concludes that the petition should be denied.

### Background

On August 19, 2010, a federal grand jury returned a three count indictment charging Basillio Alvardo ("Alvardo") as follows:

(1)    possession with the intent to distribute fifty grams or more of a mixture of methamphetamine (Count One);

(2)    possession of a firearm in furtherance of a drug trafficking crime as charged in Count One (Count Two); and

(3)    possession of a firearm by a convicted felon (Count Three).

The charges arose from a traffic stop that occurred in Sarasota County, Florida, on June 15, 2010. A sheriff's deputy conducted a routine traffic stop of Alvardo for a suspected window tint violation. Based on Alvardo's suspicious demeanor, a drug detection canine was brought to the location. The canine alerted to drugs in the vehicle. Deputies searched the vehicle and found a loaded Rossi .38 caliber revolver under the center console of the driver's side, forty-three rounds of Winchester .38 caliber ammunition, two cellular telephones, razors, a scale inside a pouch on the floorboard in the rear of the vehicle, and methamphetamine under the center console on the passenger side. A DEA laboratory report determined that the mixture of methamphetamine had a weight of 232 grams, was 91.3% pure, and had a weight of actual methamphetamine of 211.8 grams.

After *Miranda* warnings, Alvardo admitted to deputies that he possessed the firearm and methamphetamine that was found in his vehicle. Alvardo stated that he had distributed a larger quantity of methamphetamine in the Wauchula area, specifically thirty pounds, and that he was involved in the smuggling of methamphetamine from Mexico into the United States. Alvardo told deputies that he placed his firearm within reach to protect himself from individuals who might wish to rob him.[1]

---

[1] These facts were taken from the pre-sentence report and were admitted by the Defendant at the sentencing hearing. *See* Sentencing transcript, Dkt. #77, criminal case number 8:10-cr-348-T-30TGW. Alvardo admitted all facts contained in the pre-sentence report except that the tint on his vehicle windows was darker than allowed by law and that the officer had reason to believe the tint was too dark when he passed Alvardo's vehicle. Alvardo denied these facts in order to preserve his objection to the Court's ruling on his motion to suppress.

Alvardo was convicted on all counts by a jury. He was sentenced to 420 months imprisonment, 360 months on Counts One and Three (bottom of the guidelines), and 60 months consecutive on Count Two (mandatory minimum). Alvardo filed a direct appeal, but abandoned his arguments as to the suppression issue. His appeal went forward on whether or not his sentence was reasonable. The Eleventh Circuit affirmed the judgment and sentence on February 23, 2012.

Alvardo timely filed his petition to vacate on February 1, 2013, raising the following grounds:

**Ground One**: Counsel provided ineffective assistance by "stipulating to" instead of "challenging" the fact that Petitioner's prior convictions do not qualify as valid predicate offenses under the career offender provisions.

**Ground Two:** Counsel provided ineffective assistance by allowing Petitioner to be convicted and sentenced for crimes not found by the grand jury's indictment.

**Ground Three:** The illegal "terry stop" violated Petitioner's Fourth Amendment rights.

## Standard of Review

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

**Discussion**

**Ground One**: Counsel provided ineffective assistance by "stipulating to" instead of "challenging" the fact that Petitioner's prior convictions do not qualify as valid predicate offenses under the career offender provisions.

In support of Ground One, Alvardo states:

On May 31, 2011, Petitioner was sentenced to a cumulative term of 420 months of imprisonment. The main reason for such a lengthy sentence is that the District Court found through a prepared presentence report that the Petitioner was found to be a career offender under § 4B1.1. To support the § 4B1.1 enhancement, the probation office used, as predicate priors, two Florida convictions for violating Florida Statute § 784.045(1)(b). [R]ecently the Supreme Court outlined the requirements needed to enhance a criminal defendant's sentence to that of a career offender, see; *United States v. Simmons*, 177 L.Ed 2d 1048, 78 U.S.L.W. 3742 (2011).

Under *Simmons*, the high Court held that for a prior conviction to qualify as a predicate under the Career Offender Guideline § 4B1.1, the offense of conviction must have been punishable by a term of imprisonment exceeding one-year. *See*; Guideline Manual § 4B1.2 CMT, Application N.1. In Petitioner's case, he was convicted under Florida Statute § 784.045(1)(b). This charge is classified under Statute § 784.045(1)(b) as a class C felony. To determine the potential punishment for the offense one must look to the Florida Criminal Rules of Procedure. The maximum punishment authorized for a defendant's prior offense of conviction depends on a number of different factors at the time of conviction. As the record clearly shows, Petitioner did not receive over a one-year term of incarceration for the State of Florida prior conviction used to enhance Petitioner's sentence.

Petition, Dkt. #1, pp. 15-16.

Alvardo confuses "potential punishment" with his "actual punishment." He argues that he was sentenced to less than one year for the aggravated battery charge. See Par. 46, PSR. But the guideline is based on the potential statutory sentence for the offense.

Sentencing guideline 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The definition for a crime of violence offense is found in guideline 4B1.2(a), which states:

> The term "crime of violence" means any offense under federal or state law, <u>punishable by imprisonment for a term exceeding one year</u>, that - -
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves the use of explosive, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

(Emphasis supplied).

Alvardo does not contest that the crimes in question met the requirements set forth in 4.B1.2(a)(1). Rather, he contests the beginning phrase of 4.B1.2 requiring that a "crime of violence" be an offense "punishable by imprisonment for a term exceeding one year . . . ." Alvardo's prior qualifying offenses were punishable by imprisonment for terms exceeding one year.

Alvardo's prior qualifying offenses were identified in paragraph 30 of the pre-sentence report as:

> **Chapter Four Enhancements:** The defendant is a career offender as defined in USSG § 4B1.1. He was age 43 when he committed the offense. One of the offenses of conviction is a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. These convictions consist of:

    a)    Aggravated Battery, Hardee County Circuit Court, Case No. 91CF233, a felony that is a crime of violence, sentenced on September 24, 1991, and against on November 10, 1992, and

    b)    Aggravated Assault (deadly weapon), Hardee County Circuit Court, Case No. 03CF89, a felony that is a crime of violence, sentenced on August 5, 2003.

Alvardo objected to the reference to a deadly weapon and the Court sustained his objection. But his offenses still qualify as predicate offenses. Florida's aggravated battery statute is set forth in Florida Statute 784.045, which provides that it is a felony of the second degree punishable as provided in Section 775.082. Florida's aggravated assault statute is Section 784.021 which defines it as a felony of the third degree, punishable as provided in Section 775.082. Florida Statute 775.082 provides that a felony of the second degree is punishable by a term of imprisonment not exceeding fifteen years, and a felony of the third degree is punishable by a term of imprisonment not exceeding five years. Therefore, both prior offenses are "punishable by imprisonment for a term exceeding one year," and meet the requirement of Federal Sentencing Guideline Section 4B1.2(a).

Had Alvardo's counsel challenged the underlying predicate offenses as qualifiers for his classification as a career offender, that challenge would have been meritless.[2] It is not ineffective assistance of counsel to fail to make a meritless objection. Therefore, Ground One fails.

---

[2] The Government had many violent felonies from which to choose in Alvardo's record. Paragraph 31 of the PSR identifies six (6) violent felonies qualifying Alvardo as an armed career criminal.

**Ground Two:**   Counsel provided ineffective assistance by allowing Petitioner to be convicted and sentenced for crimes not found by the grand jury's indictment.

In Ground Two, Alvardo contends that the indictment was defective because it misstated the statute numbers for Counts Two and Three. He points out that, while Count One was properly designated, Counts Two and Three were designated as offenses under 21 U.S.C. § 922(g) and 21 U.S.C. § 924(c) and (e). Counts Two and Three should have correctly designated those offenses as 18 U.S.C. § 922(g) and 18 U.S.C. §§ 924(c) and (e). But technical errors in an indictment do not render it insufficient.

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to be "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." An indictment's sufficiency is determined by practical, not technical, considerations. *Jackson v. United States*, 313 F. 2d 572 (C.A.D.C. 1962). These practical considerations include a requirement that an indictment contain the elements of the offense intended to be charged so that it apprises an accused of the nature of the offense. And the record of the case must be sufficient so that the accused can plead the judgment as a bar to any subsequent prosecution for the same offense. *Collins v. Markley*, 346 F. 2d 230 (7th Cir. 1965).

Here, Alvardo challenges only technicalities - - the designated statute numbers for the offenses charged. He does not contend that the elements of the offenses were not set forth factually, or that he was unable to understand the offenses for which he was charged. Any challenge of the indictment on the basis of this technicality would have failed and, therefore, his counsel cannot be faulted for not making a meritless challenge.

This Ground fails for lack of merit.

**<u>Ground Three:</u>**   The illegal "Terry Stop" violated Petitioner's Fourth Amendment rights.

In Ground Three, Alvardo appears to be making a racial challenge to his traffic stop. He asserts:

> During the stop, Deputy Shaw noticed that Petitioner was acting nervous and assumed that Petitioner was hiding something. This assumption was based on the fact that Petitioner was a hispanic male with what seemed like gang related tattoos. At this point Deputy Shaw requested back-up due to Petitioner's prior history with firearms. After back-up arrived and after denying permission to search the vehicle, a K-9 unit was requested, "without probable cause" other than the fact that Petitioner was hispanic. After conducting a walk around, the K-9 supposedly alerted on the front part of Petitioner's vehicle, thus a search of the vehicle was conducted based solely on the K-9's walk around. The Fourth Amendment protects persons from unreasonable search and seizure, *United States v. Purcell*, 236 F. 3d. 1274, 1277 (11th Cir. 2003).

Petition (Dkt. #1), p. 10.

First, Alvardo fails to set forth any facts to support his conclusory allegations. Conclusory statements are insufficient to support a claim for habeas relief.

Second, claims challenging the propriety of the search of his vehicle should have been raised at the motion to suppress hearing and on appeal. Fourth Amendment arguments are not cognizable for habeas relief. *Stone v. Powell*, 428 U.S. 465, 494 (1976) (holding that Fourth Amendment claims generally are not cognizable on habeas corpus review). Alvardo's attempt to avoid the strictures of *Stone v. Powell* by recasting his arguments as a race based claim is to no avail. Without supporting facts, this claim is mere conjecture.

This claim fails for lack of merit.

**Conclusion**

Since all claims in the petition lack merit, it must be denied. It is therefore

ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#87, in the underlying criminal case, case number 8:10-cr-348-T-30TGW.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (CERTIFICATE OF APPEALABILITY). Id. "A [CERTIFICATE OF APPEALABILITY] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v.*

*Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on August 1, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2013\13-cv-323 deny 2255.wpd